IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSS S. SHADE, | No. C-08-05592 EDL |
| Plaintiff, | **ORDER DISMISSING CASE WITH PREJUDICE** |
| v. | |
| JUDICIAL COUNCIL OF STATE OF CA, et al., | |
| Defendants. / | |

Plaintiffs' original 42 U.S.C. § 1983 complaint, filed on December 16, 2008, generally challenged the "oppression, fraud and malice" that he was allegedly subjected to by the judges of Superior Court of the County of Yolo. Plaintiffs sued the Judicial Council of the State of California, Ronald M. George in his official capacity as chairman of that council, and William Vickery as Administrative Director of Courts. On March 11, 2009, the Court dismissed Plaintiffs' complaint with leave to amend, on the grounds that: 1) the Eleventh Amendment barred Plaintiffs' § 1983 claim; and 2) states and their officials acting in their official capacities are not subject to suit under § 1983.

Plaintiffs, Ross Shade and the Estate of Mary Shade, filed a first amended complaint ("FAC") on March 20, 2009. In that complaint, Plaintiffs sue "persons collectively known as California Judicial Council." They again allege that the Superior Court mishandled several of their lawsuits. See, e.g., FAC at 3:21-22. Specifically, Plaintiffs complain that the Superior Court erroneously allowed certain debt collection cases to be filed against them. Id. at 3-4. They also allege that when Plaintiffs filed a lawsuit against the Convalescent Hospital where Mary Shade suffered harm, the Superior Court granted summary judgment against Plaintiffs. Id. at 5-6. Plaintiffs claim that Defendants knew or should have known of the non-judicial acts resulting in

1  oppression, fraud, and malice by the Superior Court. Id. at 1:37-2:2.  They allege that the "Judicial
2  Counsel failed to adequately supervise the Superior Court when acting as the reviewing court and
3  has caused grave damage to plaintiff for which damages should be paid." Id. at 12:3-5.  According
4  to Plaintiffs, the Judicial Council should be held liable on the basis of respondeat superior. Id. at
5  14:11-12.  Defendants now move to dismiss the FAC.

6        Plaintiffs have not cured the defects in their original complaint by adding former and
7  current members of the California Judicial Council as defendants.  Under the Eleventh Amendment,
8  agencies of the state are immune in Federal Court.  See Mitchell v. Los Angeles Community College
9  Dist., 861 F.2d 198, 201 (9th Cir. Cal. 1988) ("Under the Eleventh Amendment, agencies of the state
10 are immune from private damage actions or suits for injunctive relief brought in federal court");
11 Montana v. Goldin, 394 F.3d 1189, 1195 (9th Cir.2005) (state agencies are protected by Eleventh
12 Amendment immunity).  The Judicial Council is "an agency in the judicial branch of state
13 government." Sara M. v. Superior Court, 36 Cal. 4th 998, 1013 (2005).  The claims against the
14 individual defendants in their official capacities are also barred by the Eleventh Amendment because
15 "[a] claim alleged against a state officer acting in his official capacity is treated as a claim against
16 the state itself." Morongo Band of Mission Indians v. California State Bd. of Equalization, 858 F.2d
17 1376, 1382 n.5 (9th Cir. 1988).  Therefore, Plaintiffs' § 1983 claim is barred by the Eleventh
18 Amendment against the named Defendants, insofar as they are sued in their official capacities.  In
19 addition, claims against Defendants in their official capacities are dismissed because official
20 capacity defendants are not "persons" who may be sued under § 1983.  See Hafer v. Melo, 502 U.S.
21 21, 25 (1991).

22       Insofar as Plaintiffs are suing Defendants in their individual capacities, their claims also
23 cannot stand.  Plaintiffs allege that the Judicial Council failed to act as the reviewing court, and
24 argue that the Superior Court committed numerous errors in handling their case.  However, the
25 Judicial Council does not have the authority to overrule a decision of a judge in an individual case;
26 that power of review is reserved for the California Court of Appeal and the California Supreme
27 Court. Cal. Const. art. VI, §§ 6(d), 10-12.  They do not have a relationship that gives rise to
28 respondeat superior liability, as Plaintiffs seem to argue, and which does not exist under § 1983 in

any event. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) ("There is no respondeat superior liability under section 1983."). In addition, judges are entitled to absolute immunity, which is lost only when the judge either did not perform a judicial act or when the judge acted in the clear absence of jurisdiction. Stump v. Sparkman, 435 U.S. 349, 356-57 (1978).

Furthermore, under the Rooker-Feldman doctrine, a party who loses in state court cannot obtain relief by trying to persuade a federal district court that the state judgment violated his or her federal rights. Exxon Mobile Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 292-93 (2005). "[T]here are four requirements for the application of Rooker-Feldman. First, the federal-court plaintiff must have lost in state court. Second, the plaintiff must complain[] of injuries caused by [a] state-court judgment[.] Third, the plaintiff must invite district court review and rejection of [that] judgment[]. Fourth, the state-court judgment must have been rendered before the district court proceedings commenced . . . ." Hoblock v. Albany County Bd. of Elections, 422 F.3d 77, 85 (2d Cir. 2005) (internal citations and quotations omitted). "Rooker-Feldman bars a federal claim, whether or not raised in state court, that asserts injury based on a state judgment and seeks review and reversal of that judgment; such a claim is inextricably intertwined with the state judgment." Id. at 86-87 (internal quotations omitted). Here, Plaintiffs appear to ask the Court to review the Superior Court errors and the Judicial Council's failure to correct those errors, which this Court may not do.

While the Court sympathizes with the Plaintiffs' difficulties, in accordance with the foregoing, the Court hereby dismisses Plaintiffs' complaint with prejudice.

Dated: May 29, 2009

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge

3